Robert C. Matz (California State Bar No. 217822); e-mail: rcmatz@rcmatzlaw.com
THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 Harbor Bay Parkway, Suite 112
Alameda, California 94502
Telephone: (510) 865-1150

Attorney for Plaintiff Jason G. Heller

Jeffrey R. Chanin (SBN #103649); e-mail: jchanin@kvn.com
Matthew M. Werdegar (SBN #200470); e-mail: mwerdegar@kvn.com
Warren A. Braunig (SBN #243884); e-mail: wbraunig@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA  94111
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON G. HELLER, an individual and sole proprietor doing business as Floating Lightbulb Toys,<br><br>Plaintiff,<br><br>v.<br><br>CEPIA, L.L.C., a Missouri Limited Liability Company; A-TECH PRODUCT ENGINEERING COMPANY, LIMITED, a Hong Kong Limited Liability Company, THE BEAN PROJECT COMPANY LIMITED, a Hong Kong Limited Liability Company; YING LEUNG INTERNATIONAL LIMITED, a Hong Kong Limited Liability Company;<br><br>Defendants. | CASE NO.   CV-11-01146 JSW<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510)865-1150
RCMATZ@RCMATZLAW.COM

1. **PURPOSES AND LIMITATIONS**

Disclosures and discovery activity in this action are likely will require the production, review, and use of sensitive financial or business information or information the parties believe to be confidential, proprietary, potentially patentable, and/or a protectable trade secret, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Therefore, the parties respectfully submit to the Court that there is good cause to protect this information from public disclosure and to prohibit the Parties, their employees, agents, consultants, and attorneys, as well as other non-parties participating or otherwise having some involvement in this matter, from using this information for any purpose other than facilitating the prosecution or defense of this action.  To that end, , pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff Jason G. Heller and defendant Cepia, LLC, by and through their undersigned counsel of record, hereby stipulate to and respectfully request that the Court enter the following proposed Protective Order in this case.  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.  The Parties further acknowledge, as set forth in Section 12, that even if entered, this Proposed Protective Order creates no entitlement to file information believed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under seal.

2. **DEFINITIONS**

For purposes of this Stipulation and Proposed Protective Order ("Protective Order"), the following capitalized terms have the meanings set forth below.

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items as confidential under this Protective Order.

2.2    "Confidential" Information or Items: Disclosure or Discovery Material that comprises or contains information that the Producing Party claims in good faith to

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

constitute or expressly reference information that is used by the Designating Party in its business and that is not generally known and is not generally disseminated to the third parties or, if disseminated, would require such third parties to maintain it in confidence, or information that is otherwise the subject of Federal Rule of Civil Procedure 26(c).   "Confidential" Information or Items may include, without limitation, technical product information (including technical specifications, product composition information, design specifications, and product prototypes), internal research and development or testing information, marketing information (including marketing rationales, focus group testing, demographic research, and advertising development), commercial information (including business plans, business strategies, negotiations, and license agreements), financial information (including budgeting, accounting, sales figures and advertising expenditures), business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), personnel information (including compensation, evaluations, and other employment information), and personal information (including Social Security numbers, state issued identification and financial information), and/or unpublished patent applications (including future patent applications) or patent prosecution documents that are not available upon request from the United States Patent and Trademark Office or any other patent office.

    2.3.   <u>Counsel</u> (without qualifier): collectively, Outside Counsel and In-House Counsel.

    2.4.   <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

    2.5.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

2.6.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party.

2.7.   <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>: "Confidential" Information or Items that are highly sensitive, the disclosure of which to another Party or non-party the Designating Party reasonably and in good faith believes would create a substantial risk of serious harm to such Designating Party that could not be avoided by less restrictive means and/or information obtained from a non-party pursuant to a current nondisclosure agreement or other continuing duty of confidentiality.

2.8.   <u>In-House Counsel</u>: attorneys who are employees of a Party and who provide legal advice as part of their job duties.

2.9.   <u>Outside Counsel</u>: attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this action.

2.10.   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel.

2.11.   <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.12.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.14.   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   **<u>SCOPE</u>**

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
KCMATZ@RCMATZLAW.COM

4

The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to the Receiving Party as a result of publication not involving a violation of this Protective Order, and (b) any information known to the Receiving Party prior to the disclosure or obtained by a Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

Nothing contained herein is intended to limit or prevent Parties from introducing evidence at trial to prove their case.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Until and unless otherwise directed by a court order, the provisions of this Protective Order shall continue to be binding after the final termination of this case, and all parties to this Protective Order, including all signatories to Exhibit A, shall remain subject to this Court's jurisdiction for purposes of enforcing this Protective Order.  The Court shall not be divested of the power to enforce the terms of this Protective Order as to any Parties, non-parties, or other persons subject to the terms of this Protective Order by the conclusion of this action, or by the filing of a notice of appeal or other pleading that arguably has the effect of divesting this Court of jurisdiction over this action generally.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of all aspects of this action, including any appeals, each Receiving Party shall return all Protected Material to the Producing Party or, alternatively, destroy it.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that all Protected Material in the Receiving Party's possession has been returned or destroyed and that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts (including deposition transcripts), legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Additionally, backup storage media need not be restored for purposes of returning or certifying destruction of Protected Materials, but such retained information shall continue to be treated as Protected Material in accordance with the Protective Order.

5. **DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Reasonable Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Protective Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent that it is practical to do so, a Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's attention that information or items that he, she, or it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must reasonably promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material shall be made available for inspection only to the inspecting Party's Outside Counsel, and shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". After the inspecting Party's Outside Counsel have identified the documents they want copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order; then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in a deposition</u>, where counsel for the Party or non-party offering or sponsoring the testimony believes in good faith that the testimony of their

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

clients may constitute or refer to information that is considered to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order, counsel shall so state on the record at the outset of the deposition, and thereafter counsel and the witness shall be given thirty (30) days after the receipt of the transcript from the reporter to review it to make appropriate designations. Counsel for the witness shall provide a list of the designations to the reporter and, at the same time, to all other counsel via e-mail and by U.S. mail. Until those designations are received, counsel shall treat the entirety of the transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Notwithstanding the provisions of Section 5.3, only those portions of the testimony that are appropriately designated for protection within the thirty (30) day period shall be covered by the provisions of this Protective Order, but this shall not prevent the Party or witness who failed to timely make the designation from either requesting that the Receiving Party(ies) agree to permit a belated confidentiality designation, such agreement not to be unreasonably withheld, and/or from moving the Court for an order protecting the information under the terms of this Protective Order. Transcript pages containing Protected Material shall be separately bound by the reporter, who shall affix to conspicuously on each such page the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"), as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

Given the likelihood that a significant portion of the testimony to be provided during discovery in this case will reference or constitute information that qualifies as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and the logistical difficulties presented by ensuring that only persons authorized to access such information are present during such testimony, only persons expressly authorized to access "HIGHLY CONFIDENTIAL – ATTORNEYS ONLY" under Section 7.3 of this Protective Order may attend depositions in this action.

THE LAW OFFICE OF ROBERT C. MATZ LLP
1155 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If any Producing Party discovers that it has inadvertently failed to designate and mark any Disclosure or Discovery Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party may subsequently inform the Receiving Party of the confidential nature of the Disclosure or Discovery Material, and the Receiving Party shall treat the disclosed Disclosure or Discovery Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon receipt of written notice from the Producing Party. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party shall take the steps necessary to conform distribution to the categorical designation, i.e., by using its best efforts to retrieve all copies of the Disclosure or Discovery Material, or notes or extracts thereof, in the possession of persons not authorized under this Protective Order to possess such Disclosure or Discovery Material and advising the person(s) to whom disclosure was made that the material is confidential and must be treated as provided in this Protective Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    Timing of Challenges.  Any Party may contest a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed. Additionally, a failure to challenge any designation by any Designating Party in this action shall not constitute a waiver or in any way preclude a subsequent challenge in any other litigation as to the propriety of such designation.

6.2. Procedures for Challenges. A Challenging Party must give Outside Counsel for the Designating Party written notice of its reasons for the objection. The Designating Party will then have five (5) business days after receipt of this notice to change the designation or respond in writing with a specific explanation as to why the designation is appropriate under Section 2.2 or Section 2.7 of this Protective Order.

Failing resolution after service of the written notice of its reasons for the objection, the Challenging Party may, on a duly noticed motion, seek an order changing or removing the designation. The Designating Party has the burden of showing that the designation is appropriate. The Disclosure or Discovery Material that is the subject of the challenge shall continue to be treated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as originally designated by the Designating Party, until the matter is resolved by a court order or agreement of the Designating Party.

## 7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by the Producing Party or by a non-party in connection with this action only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Following final resolution of the action, a Receiving Party shall comply with the provisions of Section 4 (Duration) and its other obligations set out in this Protective Order. Protected Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Protective Order, and the Receiving Party shall protect the confidentiality of Protected Material using procedures that are no less stringent than the measures used to protect the Receiving Party's own Protected Material or similar confidential material.

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this action ;

(b) the officers, directors, and employees (including In-House Counsel and their support staff) of the Receiving Party to whom disclosure is reasonably necessary for prosecution or defense of this action who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   in accordance with Section 7.4 of this Protective Order, Experts of the Receiving Party to whom disclosure is reasonably necessary for this action, and their support staffs, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary.

(g)   the author or creator and named recipients of the  information or item and persons whom the Receiving Party and/or its Counsel have a good faith basis to believe have previously had access to the information or item other than through discovery or disclosures in the litigation, and the original source of the information or item;

(h)   Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this action and in accordance with the Professional Vendor's ordinary operating procedure; and

(i)   Jury or trial consultants retained by a Party in this action, and their support staffs, who have signed the "Agreement to Be Bound by Protective Order"

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

(Exhibit A), provided that any such consultant is not an employee of a party nor anticipated to become an employee in the near future.

      7.3.    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

      (a)    the Receiving Party's Outside Counsel who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this action;

      (b)    the Receiving Party's In-house Counsel, and their support staff , who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (c)    in accordance with Section 7.4 of this Protective Order, Experts to whom disclosure is reasonably necessary for this action, and their support staff, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (d)    the Court and its personnel;

      (e)    court reporters, their staffs, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

      (f)    the author or creator and named recipients of the information or item and persons whom the Receiving Party and/or its Counsel have a good faith basis to believe have previously had access to the information or item other than through discovery or disclosures in the litigation, and the original source of the information or item;

      (g)    Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this action and in accordance with the Professional Vendor's ordinary operating procedure; and

      (h)    Jury or trial consultants retained by a Party in this action, and their support staffs, , who have signed the "Agreement to Be Bound by Protective Order"

THE LAW OFFICE OF ROBERT C. MATZ LLP
1153 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

(Exhibit A), provided that any such consultant is not an employee of a party nor anticipated to become an employee in the near future.

Nothing herein, however, is intended to prohibit or proscribe the ability of Counsel to provide to its client informed and meaningful advice, or to prevent Counsel from aggregating and generally summarizing counsel's interpretation of the implications of such information or item as it relates to the litigation, so long as it will not reveal or disclose the specific contents of any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

7.4.   Designation of and Review by Experts.

(a) Before any disclosure of Protected Material received from another Party under this Agreement to an Expert, the Receiving Party shall serve on the Designating Party a written notice containing the name, address, present employer, curriculum vitae, and employment history for the past four (4) years of the Expert, and a listing of cases in which the Expert has testified as an expert at trial or by deposition within the past four (4) years. The Expert also shall sign the "Agreement to Be Bound by Protective Order" (Exhibit A), and such signed agreement shall be included with the notice described hereinabove. Unless the Designating Party notifies the Receiving Party in writing of an objection to the Expert receiving Protected Material within five (5) business days after receipt of the notice described hereinabove, such Expert shall thereafter be deemed qualified to receive Protected Material.

(b) If the Designating Party objects to the disclosure of Protected Material to the Expert, the Designating Party shall notify the Receiving Party in writing of such objection and the grounds therefore within five (5) business days of receiving the required notice under Section 5(a). The Designating Party shall state with particularity the ground(s) of the objection and the specific categories of Protected Material that are the subject of the objection. The Designating Party's consent to the disclosure of Protected Material to an Expert shall not be unreasonably withheld, and the Designating Party's objection must be based on the Designating Party's good faith belief that disclosure of the Designating Party's Protected

Material to the Expert will result in a clearly defined injury to the Designating Party which outweighs the Receiving Party's need to disclose the Protected Material.

(c) In the case of an objection, the Designating Party and the Receiving Party shall meet and confer to try to resolve the matter by agreement.  If such objection is not resolved on an informal basis, the Designating Party will have ten (10) business days from receipt of the notice identifying the Expert to submit such objection to the Court for a ruling, and the disclosure of Protected Material to such Expert shall be withheld pending the ruling of the Court.  The parties agree to cooperate in good faith to shorten the time frames set forth in this Section, if and as necessary to abide by any discovery or briefing schedules.   The Designating Party shall have the burden of showing the Court "good cause" for preventing the disclosure of its Protected Material to the Expert.   This "good cause" shall include a particularized showing that: (1) the Protected Material is properly designated as confidential under the terms of this Protective Order, (2) disclosure of the Protected Material would likely result in a clearly defined injury to the Designating Party's business, and (3) the Expert is not likely to abide by this Protective Order.

## 8.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

If it becomes necessary for a Receiving Party to seek the assistance of any person, other than those persons referred to in Section 7 (Access to and Use of Protected Material), and to disclose Protected Material to such person to adequately prosecute, defend or attempt to settle this action, the following procedures shall be employed:

(a)    The Receiving Party shall notify, in writing, the Designating Party, stating therein the specific Protected Material to be disclosed and the name, address and position of the person to whom such disclosure is to be made;

(b)    If no objection to such disclosure is made by the Designating Party within ten (10) business days of such notification, the Receiving Party shall be free to make such disclosure to the designated person; provided, however, the Receiving Party shall obtain from the person and serve upon the Designating Party, prior to disclosure, a signed

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

"Acknowledgment and Agreement to be Bound by Protective Order" (Exhibit A), whereby such person agrees to comply with and be bound by this Protective Order.

(c)     If, within five (5) business days, the Designating Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon a regularly noticed motion brought by the Receiving Party. Before filing such a motion, Outside Counsel for the Receiving Party and the Designating Party shall meet and confer in a good faith effort to resolve the Designating Party's objection.   .

9.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena, order, or other legal directive issued in other litigation, court proceedings, or legislative, administrative or regulatory proceedings, that requires disclosure of any Protected Material, the Receiving Party shall (1) notify the Designating Party in writing within five (5) business days after receiving the subpoena, order, or other legal directive, and such written notification shall include a copy of the applicable subpoena, court order, or other legal directive, and (2) before any production of Protected Material, inform in writing the person or entity who caused the subpoena, order, or other legal directive to issue that some or all of the material covered by the subpoena, order, or other legal directive is the subject to this Protective Order, and deliver a copy of this Protective Order to the person or entity that caused the subpoena, order, or other legal directive to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court or other governmental body from which the subpoena, order, or other legal directive issued. The Designating Party shall bear the burden and the expense of seeking protection in that court or other governmental body of its confidential material. Nothing in this Protective Order shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or governmental body.

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

10.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Protected Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or entity not authorized to receive such Protected Material under this Protective Order, then the Receiving Party shall immediately (a) notifying in writing the Designating Party of the unauthorized disclosure, including to whom such disclosure was made and when, and (b) use its best efforts to retrieve all copies of such Protected Material, to notify the person or entity that received the Protected Material of the existence and terms of this Protective order, and to obtain from the person or entity that received the Protected Information a signed  "Acknowledgment and Agreement to be Bound by Protective Order" (Exhibit A).

11.   **UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL**

If a Producing Party through inadvertence produces or provides Disclosure or Discovery Material that it believes is subject to a claim of attorney-client privilege, attorney work-product immunity, or any other applicable privilege or immunity from disclosure or discovery, such action shall not constitute a waiver of the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or immunity. The Producing Party may give written notice to the Receiving Party that the inadvertently produced Disclosure or Discovery Material is subject to a claim of attorney-client privilege, attorney work product immunity, and/or other applicable privilege or immunity, and request that the inadvertently produced Disclosure or Discovery Material be returned to the Producing Party.  Upon receiving such written notice, the Receiving Party shall return to the Producing Party all copies of the inadvertently produced Disclosure or Discovery Material and shall return or destroy all excerpts thereof within five (5) business days of receiving such written notice.  Return of the inadvertently produced Disclosure or Discovery Material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the material is, in fact, properly subject to a claim of attorney-client privilege, attorney work product immunity, and/or any other privilege or immunity, nor shall it foreclose the Receiving Party from moving for an order that such inadvertently produced

Disclosure or Discovery Material has been improperly designated as subject to a claim of attorney-client privilege, attorney work product immunity, or other privilege or immunity, or should be produced for reasons other than a waiver caused merely by the inadvertent production.  The Receiving Party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the inadvertently produced Disclosure or Discovery Material, and other such non-privileged or protected information as is reasonably necessary to identify the inadvertently produced Disclosure or Discovery Material and describe its nature to the Court in any motion to compel production of the inadvertently produced Disclosure or Discovery Material.  Such a record of the identity and nature of the inadvertently produced Disclosure or Discovery Material may not be used for any purposes other than preparing a motion to compel production of that inadvertently produced Disclosure or Discovery Material in this action.  After the return of the inadvertently produced Disclosure or Discovery Material, the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a duly noticed motion to the Court.  The inadvertent disclosure of any privileged or immune Disclosure or Discovery Material shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or other information or evidence.

12.   **FILING PROTECTED MATERIAL**

Any Party that wishes to file or submit to the Court its own Protected Material under seal must comply with Civil Local Rule 79-5(a)-(c).  Without written permission from the Designating Party or a court order secured after appropriate notice to the Designating Party, a Receiving Party may not file in the public record in this action any Protected Material.  In the event that  a Receiving Party wishes to file with or submit to the Court any Protected Material, that Receiving Party must comply with Civil Local Rule 79-5(d).

13.   **MISCELLANEOUS**

13.1.   Right to Further Relief.  Nothing in this Protective Order abridges the right of any Party or other person or entity to seek its modification by the Court in the future.

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA  94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

13.2.   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

13.3.   <u>Effect of Designation on Authenticity and Admissibility</u>.   The placing of any confidentiality designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in this action.

13.4.   <u>Producing Party's Use of Its Own Documents.</u>.   Nothing in this Protective Order shall limit use by any Producing Party of materials already in its possession, or shall prevent any Producing Party from disclosing its own Protected Material to any person. Any such disclosure shall not affect any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation made pursuant to the terms of this Protective Order, so long as such disclosures are made in a manner which is reasonably calculated to maintain the confidentiality of the information.

13.5.   <u>No Contract</u>.   To the extent that the Parties have agreed on the terms of this Protective Order, such stipulation is for the Court's consideration and approval as an Order. The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel.

13.7.   <u>Effective Date</u>.   This Protective Order shall be effective on the date of its execution by Counsel for the Parties after which the Parties may produce documents and information and designate the material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".   Such material shall be treated in accordance with this Protective Order by the Parties upon its execution. In the event that the Court enters a protective order other than this Protective Order, the Parties shall comply with the terms of this Protective Order until it is superseded by any protective order or ruling by the Court.

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA  94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(310) 865-1150
RCMATZ@RCMATZLAW.COM

13.8   <u>Application to Additional Parties and Non-Parties.</u>   In the event that the Court determines that it has personal jurisdiction over defendants A-Tech Product Engineering Company, Ltd. ("A-Tech") and/or The Bean Project Company Ltd. ("The Bean") and that venue in this Court is proper as to those defendants, or if any new party is added, substituted, or brought into this action, this Protective Order will be binding on and inure to the benefit of A-Tech, The Bean, or any new party, subject to the right of A-Tech, The Bean, or the new party to seek relief from or modification of this Protective Order from the Court.   Any non-party producing Disclosures or Discovery Material or giving deposition testimony in this case may avail herself, himself, or itself of the protections provided for in this Protective Order by following the procedures provided herein.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 15, 2011

Respectfully submitted,

THE LAW OFFICE OF ROBERT C. MATZ LLP

By
   Robert C. Matz
   Attorney for Plaintiff
   Jason G. Heller

Dated: October 14, 2011

KEKER & VAN NEST LLP

By:
   Matthew M. Werdegar
   Attorneys for Defendant
   CEPIA, L.L.C.

1

<u>**ORDER**</u>

2

Pursuant to the foregoing STIPULATION of JASON G. HELLER, CEPIA,

3

LLC, A-TECH PRODUCT ENGINEERING COMPANY, LTD., and THE BEAN PROJECT

4

COMPANY LTD. and good cause appearing,

5

**IT IS SO ORDERED.**

6

7

Dated:   October 17, 2011

8

9

By: _____

10

HON. JEFFREY S. WHITE
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 Harbor Bay Parkway, Suite 112
Alameda, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

**BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Jason G. Heller v. Cepia, L.L.C. et. al, Case No. CV11-01146 (JSW). I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.


City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Date: _____

THE LAW OFFICE OF ROBERT C. MATZ LLP
1151 HARBOR BAY PARKWAY, SUITE 112
ALAMEDA, CA 94502
(510) 865-1150
RCMATZ@RCMATZLAW.COM