IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON G. HELLER,

    Plaintiff,

v.

CEPIA, L.L.C., et al.,

    Defendants.
                            /

No. C 11-01146 JSW

**ORDER (1) VACATING HEARING; (2) REQUESTING SUPPLEMENTAL BRIEFING; AND (3) CONTINUING CASE MANAGEMENT CONFERENCE**

    The cross-motions for sanctions pursuant to Federal Rule of Civil Procedure 11 and the motion to dismiss for failure to state a claim filed by Defendant Cepia, L.L.C. ("Cepia") are fully briefed and ripe for decision. The Court finds these matters are suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 9, 2011 on these motions is VACATED.

    With respect to the motion to dismiss for lack of personal jurisdiction filed by Defendants A-Tech Product Engineering Company, Limited ("A-Tech") and The Bean Project Company, Limited ("The Bean"), the Court finds that supplemental briefing would be beneficial. In their reply brief, A-Tech and The Bean assert arguments for the first time in their reply brief on the issue of whether the exercise of specific jurisdiction would be unreasonable. In the interest of fairness, the Court is providing Plaintiff Jason G. Heller ("Heller") an opportunity to respond to these arguments. Moreover, the Court directs Heller to address the following questions:

(1) Heller asks for leave to conduct jurisdictional discovery, but does not specify what information he seeks to meet his burden to demonstrate personal jurisdiction. Heller states that he wants discovery "as to all disputed facts." Specifically, what facts does Heller contend are dispute which would, if true, demonstrate jurisdiction over The Bean and over A-Tech?

(2) Heller sets forth the information which led him to believe that A-Tech and The Bean were the same entity. Heller states that "I was informed that ... Mr. Kwan also owned/recently created another company called "The Bean." I was told that Mr. Kwan formed The Bean to avoid the appearance of conflicts of interest with respect to work done for competing toy companies." (Declaration of Jason G. Heller in Opp. to Cepia's Rule 11 Sanctions Mot., ¶ 3.) Heller further states that during his tour of A-Tech's facilities in Hong Kong, an unspecified person "simply pointed to a work table and stated that this was 'The Bean' – a single work table amidst a sea of A-Tech work tables. This is one of the reasons why I see A-Tech and The Bean as the same entity." (*Id*., ¶ 4.) Now, in light of the evidence presented by A-Tech and The Bean, the initial information believed by Heller appears to be insufficient to show that The Bean and A-Tech should be treated as the same entity. In light of the evidence in the record, does Heller still contend that A-Tech and The Bean should be treated as one entity? If so, on what basis?

(3) Heller states that Peter Yeung told him that his contacts had "confirmed that Cepia had previous business dealings with A-Tech/The Bean." (*Id*., ¶ 14.) Did Mr. Yeung's contacts state that Cepia had prior business dealings with A-Tech, The Bean, or both?

By no later than noon on December 12, 2011, Heller shall file a brief no longer than eight pages addressing these questions, as well as A-Tech and The Bean's arguments regarding the reasonableness of exercising jurisdiction over them. By no later than December 16, 2011, A-Tech and The Bean may file a responsive brief no longer than eight pages. The Court HEREBY

2

VACATES the hearing on A-Tech and The Bean's motion to dismiss and will reset it at a later date, if necessary.

The Court FURTHER ORDERS that the case management conference is CONTINUED to February 24, 2012 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: December 5, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE